■ ETTORE FOCACCI, Plaintiff, v. CITY OF NEW YORK et al., Defendants, and MARTIN EPSTEIN COMPANY, INC., Defendant and Third-Party Plaintiff-Appellant. C. E. YOUNGDAHL & COMPANY, INC., Third-Party Defendant-Respondent.— In an action to recover damages for personal injuries alleged to have been sustained in the course of plaintiff's employment, appellant served a third-party complaint on respondent, plaintiff's employer. The appeal is from an order granting respondent's motion to dismiss the third-party complaint for insufficiency, and from the judgment entered thereon. Order modified by striking therefrom everything following the words "said third party defendant" and by adding thereto the words "with leave to Martin Epstein Company, Inc., to serve an amended third-party complaint." As so modified, order unanimously affirmed, with $10 costs and disbursements to respondent. The amended third-party complaint is to be served, if appellant be so advised, within 20 days after entry of the order hereon. Judgment vacated, without costs. The present third-party complaint fails to state facts from which it could be determined that appellant is other than a joint tort-feasor in pari delicto with respondent. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ.

■ ROBINSON J. GOODALE, Respondent, v. GIBSON & CUSHMAN, INC., Appellant and Third-Party Plaintiff. DE FRIEST SHIPYARD CO., INC., Third-Party Defendant.— In an action to recover money allegedly due by reason of an assignment of a contract, or for other relief, the appeal is from an order of the County Court, Suffolk County, which, on reargument, grants plaintiff-respondent's motion for summary judgment striking out the answer. Order unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ BENJAMIN KOVEN, Appellant, v. DEL RIO MANUFACTURING CORP., et al., Respondents.— In an action by a broker against the sellers and purchasers of certain real property to recover damages for an alleged conspiracy to deprive him of commission he had earned by effecting the sale of said property, the complaint was amended on the trial to add another cause of action against the sellers to recover said commission. Thereupon the court dismissed the cause of action for conspiracy as against the sellers, and at the close of the entire case dismissed said cause of action as against the purchasers. The jury rendered a verdict in favor of the sellers against the broker on the cause of action for the commission. The appeal is from the judgment entered in accordance with the foregoing. Judgment unanimously affirmed, with costs. No opinion. Present — Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ.